## Commonwealth, By, et al. v. Caldwell's Executor.

(Decided September 22, 1915.)

### Appeal from Jefferson Circuit Court (Chancery Branch No. 1).

Taxation—Assessment of Omitted Property.—In a proceeding to assess omitted personal property for taxation in which a deposition was taken on the 3rd of July, wherein a witness promised to furnish certain information disclosed by records in his control as a part of his deposition, and such evidence had not been furnished and no effort made to procure it or compel the witness to produce it, the court properly submitted the case for judgment on the 26th of October.

A. SCOTT BULLITT and MATT J. HOLT for appellant.

KEITH L. BULLITT for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

This is a proceeding originally instituted in the Jefferson County Court under the provisions of Section 4260 of the Kentucky Statutes wherein it is sought to assess for taxation certain personal property alleged to have been omitted from taxation for the years from 1907 to 1911 inclusive.

In the county court an answer was filed controverting the allegations of the statement.

The proceeding was dismissed in the county court and an appeal was taken to the Jefferson Circuit Court in February, 1912.

On the 25th of June, 1912, by agreement of parties, the action was submitted in the circuit court, and at the same time the plaintiff was granted until July 5th, 1912, to complete the taking of his evidence. On the 3rd of July, the plaintiff took the deposition of R. W. Delph, who was the cashier of the Kentucky Title & Savings

Bank & Trust Company, the executor of J. E. Caldwell, deceased, and as such is the appellee herein. In that deposition Delph was unable to give certain information as to the cash on hand had by Caldwell's executor, or as to certain bonds or securities held by him in his lifetime and by his executor afterwards, and agreed in his deposition that he would procure such information from the books of the Trust Company and furnish it as a part of his deposition. So far as the record shows this information has not been furnished.

On October 5th, 1912, the court finally dismissed the plaintiff's petition, but on October 17th, upon motion of the Revenue Agent, the court set aside the order of dismissal and referred the case to the official stenographer for the purpose of taking further proof; the case was again submitted for judgment on October 26th, 1912, without objection, and on November 9th, 1912, the court again dismissed the petition because of the failure of proof, and from that judgment this appeal is taken.

It is conceded by counsel for appellant that the judgment is correct if the case was not prematurely submitted for judgment, and the only question he makes is, that the court should not have submitted the case for judgment in the absence of the information Delph in his deposition had promised to furnish and which he had not furnished.

There is nothing in the record to show that the revenue agent or his attorney ever at any time called upon Delph or any one else to give this information; there is nothing in the record to show that he had not in fact given it either to them or the officer taking the deposition; nor is there anything showing that any rule was ever asked against him requiring him to furnish it, or that any steps looking to that end had been taken. There was ample time between the 3rd of July and the 26th of October, either to have procured this information from Delph or to have invoked the process of the court to require him to produce it.

For the purpose of this case it is immaterial whether the procedure should have been under the special provisions of the Statutes in such cases, or whether it should have been under the general provisions of the Civil Code. It was clearly the duty of the court in any event to have submitted the case after the revenue agent had been given ample opportunity to produce the evidence promised by Delph.

Judgment affirmed.